*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 6, 2019

Plaintiff-Appellee,

v

No. 343834
Saginaw Circuit Court
LC No. 16-042629-FH

RODOLFO MICHAEL SANCHEZ,

Defendant-Appellant.

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted the trial court's denial of his motion to reissue the judgment of sentence. We affirm.

## I. BACKGROUND

In December 2016, defendant pleaded no contest to one count of operating while intoxicated causing death, MCL 257.625(4), and one count of operating while intoxicated causing serious injury, MCL 257.625(5).[1] The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to prison terms of 150 to 300 months for operating while intoxicated causing death and 57 to 120 months for operating while intoxicated causing serious injury. At the sentencing hearing, defendant confirmed that he signed the Notice of Right to Appellate Review, which advised him that an appeal from a plea of guilty or no contest was by leave only.

Defendant submitted a timely request for the appointment of appellate counsel, and the trial court appointed David Herskovic as appellate counsel in March 2017. In October 2017, Herskovic moved to withdraw as counsel and to have substitute counsel appointed. Herskovic cited a material breakdown in the attorney-client relationship, which defendant confirmed,

---

[1] A second charge of operating while intoxicated causing death was dismissed.

because Herskovic did not believe that defendant had a meritorious argument to present on appeal. The trial court granted the motion and discharged Herskovic as appellate counsel.

The trial court appointed Jacqueline Langwith as substitute appellate counsel in November 2017. Defendant filed a motion to reissue the judgment of sentence under MCR 6.428 to permit him to perfect an appeal or move to withdraw the plea, alleging that Herskovic's ineffective assistance deprived him of the opportunity to do either one. Defendant acknowledged that MCR 6.428 applied only to an appeal of right—whereas he was only permitted to appeal by leave as a result of the plea—but argued that MCR 6.428 should be extended to an appeal by leave. The trial court denied the motion in January 2018 because MCR 6.428 does not apply to plea-based convictions.

In March 2018, Langwith filed a motion to withdraw as appellate counsel and have substitute appellate counsel appointed because she failed to file an application for leave to appeal within 42 days of the appointment of substitute counsel. The trial court granted the motion and discharged Langwith as appellate counsel. The trial court subsequently appointed Paul White as appellate counsel on April 2, 2018. Defendant filed an application for leave to appeal to challenge the trial court's denial of the motion to reissue the judgment of sentence and its ruling that MCR 6.428 does not apply to an appeal by leave following a plea-based conviction. We granted leave to appeal. *People v Sanchez*, unpublished order of the Court of Appeals, entered July 6, 2018 (Docket No. 343834).

## II. DISCUSSION

Defendant argues that the trial court erred when it declined to reissue the judgment of sentence and extend MCR 6.428 to a plea-based conviction. This Court reviews a trial court's ruling on a postconviction motion for an abuse of discretion and its factual findings for clear error. *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). "Interpretation of court rules presents a question of law that we review de novo." *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). This Court also reviews a constitutional claim de novo. *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011).

As with statutory interpretation, this Court applies the plain and unambiguous language of a court rule. *People v Hawkins*, 468 Mich 488, 500; 668 NW2d 602 (2003). "[J]ust as we cannot read into an unambiguous statute a provision not written by the Legislature, we likewise cannot read into a court rule a provision not written by the Supreme Court." *People v Orr*, 275 Mich App 587, 595; 739 NW2d 385 (2007).

MCR 6.428 states in full:

> If the defendant did not appeal within the time allowed by MCR 7.204(A)(2) and demonstrates that the attorney or attorneys retained or appointed to represent the defendant on direct appeal from the judgment either disregarded the defendant's instruction to perfect a timely appeal of right, or otherwise failed to provide effective assistance, and, but for counsel's deficient performance, the defendant would have perfected a timely appeal of right, the trial court shall issue an order restarting the time in which to file an appeal of right.

The parties do not dispute that this rule applies only to an appeal of right or that an appeal of right was not available to defendant as a result of the no-contest plea, as stated in MCR 7.203(A)(1)(b). Therefore, there is no dispute that this rule does not apply to this case, and the trial court did not abuse its discretion by denying defendant's motion to reissue the judgment of sentence.

Defendant cites a proposed amendment to the rule, Proposed MCR 6.428, 501 Mich 1220, 1221 (2017), which would expand its application to appeals by leave from plea-based convictions. This proposed rule has not taken effect. Therefore, it does not control this case.

Nevertheless, defendant asserts that applying Proposed MCR 6.428 is necessary to protect his constitutional rights "consistent with the interests of justice." Defendant has not, however, identified which constitutional rights this case implicates, how the current rule violates those constitutional rights, or what rationale supports the expansion of this rule. Moreover, as applicable here, MCR 6.428 is premised on the ineffective assistance of counsel, but defendant has not identified what legal issues his counsel should have raised had he perfected defendant's appeal or moved to withdraw the plea.[2] "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (internal citation and quotation marks omitted). There may be good reason to extend MCR 6.428 to plea-based convictions; indeed, there may be good reason to extend MCR 6.428 to defendant's convictions. By not substantively addressing his claim of error, however, defendant has abandoned this issue. See *People v Miller*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 338453), slip op at 10 ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.") (internal citation and quotation marks omitted).

Affirmed.

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly

---

[2] To the extent that defendant maintains that a motion to withdraw the plea was the most effective form of relief and suggests that prior counsel was ineffective for failing to file such a motion, defendant has not shown why he could not have filed a motion to withdraw the plea after the appointment of second substitute counsel, MCR 6.310(C)(2), or after we granted leave to appeal, MCR 7.208(B)(1). Similarly, defendant has not explained on what grounds he should have been allowed to withdraw his plea.